COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

JOHNNIE LEE CARTER,                                    )

                                                                              )              
No.  08-05-00290-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
120th District Court

SUN CITY TOWING &
RECOVERY, L.P.,       )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                
(TC# 2005-3446)

                                                                              )

 

 

O
P I N I O N

 

Pending before the
Court is Appellee=s motion
to dismiss the appeal for lack of jurisdiction. 
On August 23, 2005, Appellant Johnnie Lee Carter filed a notice of
appeal seeking to appeal from the trial court=s
order to consolidate the cause with causes Johnnie Lee Carter v. Stevens
Transport, case number 2005-3445, and Johnnie Lee Carter v. Alliance Leasing,
Inc., case number 2005-3431.  Appellant
also stated his desire to appeal Athe
Court=s refusal
to take an oral Motion to NONSUIT Without Prejudice@
in Johnnie Lee Carter v. Sun City Towing & Recovery, L.P.  Appellee has now filed a motion to dismiss
this appeal, arguing that neither the alleged trial court action is now
appealable nor proper by interlocutory appeal.

As a general rule,
an appeal may be taken only from a final judgment.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  Here, the
order of consolidation 








complained-of is clearly
interlocutory because it does not dispose of all the parties to and claims
asserted in the causes that were consolidated. 
See Lehmann, 39 S.W.3d at 205 (an order or judgment is final when
it disposes of all parties and claims). 
This Court has jurisdiction over an interlocutory appeal only when
expressly provided by statute.  Stary
v. DeBord, 967 S.W.2d 352, 352‑53 (Tex. 1998).  We can find no statute that expressly authorizes
the interlocutory appeal of an order to consolidate separate lawsuits.  Further, there is no statute authorizing an
interlocutory appeal from a trial court=s
refusal to take an oral motion to nonsuit without prejudice.  Thus, we conclude we have no jurisdiction
over this interlocutory appeal.

The court has
considered this cause upon Appellee=s
motion to dismiss and is of the opinion that it should be granted.  The motion is therefore granted and this
appeal is DISMISSED for want of jurisdiction. 
See Tex.R.App.P.
42.3(a).

 

 

 

October
20, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.